UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re

RONALD JAY O'SHAUGHNESSY and
GEORGIE ANNA O'SHAUGHNESSY,                    Case No. 03-17656

                                            Debtor(s).
--------------------------------------------------------
NORTHERN FEDERAL CREDIT UNION,

                                    Plaintiff(s),
-against-                                      Adversary No. 04-90010

RONALD JAY O'SHAUGHNESSY,

                                    Defendant(s).
--------------------------------------------------------
APPEARANCES:

ANTONUCCI LAW OFFICE                    David P. Antonucci, Esq.
*Attorneys for Plaintiff*
12 Public Square
Watertown, NY 13601

ANTHONY INSERRA, ESQ.
*Attorney for Defendants*
531 Washington St.
Suite 3401
Watertown, NY 13601

Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Judge

**MEMORANDUM-DECISION AND ORDER**

The court issued an Order to Show Cause, dated October 25, 2004, directing that David

P. Antonucci, Esq., counsel for Northern Federal Credit Union ("NFCU" or "Plaintiff"), show

cause why the court should not (1) *sua sponte* vacate the stipulation and order dismissing a cause

1

of action without the court's knowledge under § 727 of the United States Bankruptcy Code,[1] and without notice in violation of Federal Rule of Bankruptcy Procedure ("Rule") 7041; (2) order that all monies paid by Ronald Jay ("Debtor Husband") and Georgie Anna O'Shaughnessy (collectively "Debtors") to NFCU or Attorney Antonucci be returned to the Debtors within ten (10) days of a final order by this court; and (3) dismiss the complaint with prejudice, as and for sanctions pursuant to 11 U.S.C. § 105(a). A hearing was held on November 4, 2004. At the conclusion of oral argument, the court found the Plaintiff had violated Rule 7041 and gave the parties time to file additional submissions on the issue of an appropriate remedy for the violation.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(I), (b)(2)(J), and 1334.

## FACTS

The court having considered all submitted pleadings makes the following findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52, made applicable here by Rule 7052.

1. The Debtors filed a voluntary chapter 7 petition on November 17, 2003 (the "Petition").

2. The Petition was filed on the Debtors behalf by Daniel S. Dickinson, III, Esq.

3. Plaintiff filed an adversary complaint on January 9, 2004 alleging violations of Code §§ 523(a)(2)[2] and 727(a)(4)[3] (the "Adversary Proceeding").

---

[1] All statutory references herein refer to Title 11 of the United States Code, 11 U.S.C. §§ 101 - 1330 (the "Bankruptcy Code"), unless otherwise specified.

[2] Although Plaintiff's first cause of action is plead as an objection to discharge pursuant to § 523(a)(2), more precisely it appears to be a cause of action under § 523(a)(2)(B), which provides:

4. On or about February 12, 2004, Attorney Antonucci presented to the court a purported stipulation and order of settlement of the Adversary Proceeding signed by Debtor Husband and Attorney Antonucci, which the court executed and entered (the "Stipulation and Order"). (Doc. No. 6.)

5. The Stipulation and Order sets forth that the Debtor Husband "has appeared pro se after consultation with counsel and elected to proceed without counsel in this matter." (*Id.*)

6. The Stipulation and Order specifically resolved the § 523(a)(2) cause of action in that $2,095.13, with interest, along with attorney's fees, costs, and disbursements of $750 was deemed nondischargeable (*id.* ¶ 3), and more generally provided for the dismissal of "any other claim for relief contained in the complaint." (*Id.* ¶ 4.)

7. The adversary case was closed on or about March 19, 2004.

8. In the context of another pending adversary proceeding involving NFCO and Attorneys Antonucci and Inserra, Attorney Inserra advised the court by letter dated September 30, 2004 that he believed the Stipulation and Order had inadvertently been signed without the court's knowledge that the "other claim for relief" was in fact one under § 727. (Adv. Pro. 04-90063, Doc. No. 36.)

9. By order entered October 25, 2004, the Adversary Proceeding was reopened. (Doc. No. 8.)

10. On December 1, 2004, an order was entered substituting Attorney Inserra as Debtors'

---

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by -
      (B) use of a statement in writing -
        (i) that is materially false;
        (ii) respecting the debtor's or an insider's financial condition;
        (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
        (iv) that the debtor caused to be made or published with intent to deceive....

11 U.S.C. § 523(a)(2)(B).

[3]Section 727(a)(4) of the Bankruptcy Code states in relevant part:
(a) The court shall grant the debtor a discharge, unless-
    (4) the debtor knowingly and fraudulently, in or in connection with the case -
     (A) made a false oath or account....

11 U.S.C. § 727(a)(4).

counsel in place of Attorney Dickinson. (Doc. No. 14.)

## ARGUMENTS

Attorney Inserra argues that § 105(a) gives the court the authority to remedy a Rule 7041 violation. He further states that there was no basis to commence the Adversary Proceeding and that, in any event, it was improper to "[c]onceal the true nature of its 'strong armed' cause of action by removing any reference of 11 U.S.C. § 727(a)(4) in the stipulated settlement and order which the court was tricked into signing." (Debtors [sic] Attorney Affidavit in Support of Order to Show Cause ¶ 17). Attorney Inserra requests that the court dismiss the complaint with prejudice, disgorge the amounts paid by the Debtors with interest, sanction the Credit Union and its counsel for their behavior in this matter, and grant attorney's fees to Debtors' counsel of $1,000 for legal services rendered in connection with this order to show cause.

Attorney Antonucci submits that if the settlement has not been properly approved by the court, the Adversary Proceeding should revert to its status quo immediately prior to settlement, which would mean the Debtor Husband is in default as an answer to the complaint was never filed. Attorney Antonucci concedes that the Debtor Husband may be entitled to additional time to answer the complaint under the circumstances.

Attorney Antonucci also argues there is no prohibition against commencing an action under both §§ 523 and 727, and Rule 7041 should not be read as an absolute bar to a consensual dispute resolution, including a discontinuance of a § 727 cause of action. The Credit Union's attorney continues to argue the adversary complaint sets forth a prima facie case and asks that he be given the opportunity to notice the settlement reached with the Debtor Husband pursuant to Rule 7041.

Attorney Antonucci acknowledges that the purpose of Rule 7041 is to give notice to the United States Trustee, the Chapter 7 Trustee and, arguably, all creditors.  Attorney Antonucci admits these parties did not have notice of the settlement, and argues a dismissal of the Adversary Proceeding would further deny them of this right.

## DISCUSSION

A denial of discharge pursuant to § 727 "is an extremely drastic and harsh sanction, it is the death penalty of bankruptcy." *Levine v. Raymonda (In re Raymonda)*, Adv. Pro. No. 99-91199, slip op. at 4 (Bankr. N.D.N.Y. Feb. 9, 2001).  To give substance to the Bankruptcy Code's mission of giving the honest but unfortunate debtor a fresh start, objections to discharge are strictly construed against the objecting party.  *In re Stevens*, 184 B.R. 584 (Bankr. W.D. Wash. 1995); *In re Spar*, 176 B.R. 321 (Bankr. S.D.N.Y. 1994); *In re Bodestein*, 168 B.R. 23 (Bankr. E.D.N.Y. 1994).  A § 727 complaint is not about seeking and/or awarding of a monetary judgment.  It concerns the integrity of the entire bankruptcy process: the granting or denial of a debtor's discharge.

Because of the important process that is commenced when a § 727 complaint is filed, Rule 7041 sets up a special procedure to follow when the parties wish to dismiss such a complaint.[4]  Rule 7041 allows dismissal of a § 727 cause of action as follows:

---

[4]The advisory committee note states:
Dismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest.  Some courts by local rule or order have required the debtor and his attorney or the plaintiff to file an affidavit that nothing has been promised to the plaintiff in consideration of the withdrawal of the objection.  By specifically authorizing the court to impose conditions in the order of dismissal this rule permits the continuation of this salutary practice.
Fed. R. Bankr. P. 7041 advisory committee's note (1983).

> [A] complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Fed. R. Bankr. P. 7041.  The concern is that there be no taint of compromise involved in the dismissal.  *In re Chalasani*, 92 F. 3d 1300, 1310 (2d Cir. 1996) (citation omitted).  It is simply improper for a debtor and creditor to horsetrade over a discharge.  *In re Stout*, 262 B.R. 862, 864 (Bankr. D. Colo. 2001).

The question of whether this §§ 523 and 727 settlement involved horsetrading of a discharge is not currently before the court.[5]  The narrow issue before the court is the appropriate remedy to counterbalance the Plaintiff's failure to comply with Rule 7041.  Attorney Inserra would have this court dismiss the Plaintiff's complaint with prejudice as a penalty for the Rule 7041 violation.  The court, however, has not held any evidentiary hearing to discern the intent of the parties in the submission of the Stipulation and Order.  Attorney Antonucci denies any attempt to deceive the court and will be given the benefit of the doubt on the issue.

After balancing the equities, the court believes an appropriate remedy would be to return the parties to the status quo that existed prior to the submission of the defective Stipulation and Order.  All funds received by Attorney Antonucci or NFCU under the Stipulation and Order shall be returned to the Debtors immediately, and the Stipulation and Order is vacated.  If Attorney Inserra's papers are taken at face value, there will be no settlement to notice pursuant to Rule 7041 for he does not believe there is any basis for the maintenance of either a § 523 or § 727 cause of action.  Therefore, the Debtor Husband will be given thirty days from the date

---

[5] For a discussion of settlement of § 727 actions generally, see *In re Maynard*, 269 B.R. 535 (D. Vt. 2001).

hereof to answer the complaint and to assert whatever affirmative defenses or counterclaims he deems appropriate, or to file an appropriate dispositive pleading.[6]  A return to the status quo would also dictate that Attorney Inserra be compensated with reasonable attorney's fees for the time expended in correcting the Plaintiff's improper settlement submission.  Attorney Inserra requested attorney's fees of $1,000, however, he submitted no time records in support of his request.  Thus, Attorney Inserra shall be given ten days from the date hereof to submit appropriate time records to allow the court to determine a reasonable fee for the legal services he provided.

It is so ORDERED.

Dated: 05/27/05

                                                                                                      /s/ Robert E. Littlefield, Jr.

                                                                                                       Hon. Robert E. Littlefield, Jr.
                                                                                                        U.S. Bankruptcy Judge

---

[6] By not dismissing the complaint with prejudice at this time as requested by Attorney Inserra, the court is making no factual or legal findings regarding the appropriateness of the filing of the Plaintiff's complaint or the legal/factual sufficiency of its contents.